NO. 07-12-0240-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 DECEMBER 19, 2012
 _____________________________

 MICHAEL EARL PEDDICORD,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

 NO. 22,774-C; HONORABLE ANA ESTEVEZ, PRESIDING
 _____________________________

 Memorandum Opinion
 _____________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 Michael Earl Peddicord was convicted after an open guilty plea of
burglary of a habitation and sentenced to twenty-eight years confinement.
That conviction was enhanced by a prior felony conviction.
 Appellant's appointed counsel filed a motion to withdraw, together
with an Anders[1] brief, wherein he certified that, after diligently
searching the record, he concluded that the appeal was without merit.
Along with his brief, appellate counsel filed a copy of a letter sent to
appellant informing him of counsel's belief that there was no reversible
error and of appellant's right to file a response pro se. By letter dated
October 5, 2012, this court also notified appellant of his right to file
his own brief or response by November 5, 2012, if he wished to do so. To
date, a response has not been filed.
 In compliance with the principles enunciated in Anders, appellate
counsel discussed potential areas for appeal which included the sufficiency
of the evidence to support the plea of guilty and the punishment assessed.
However, he also explained why the issues were without merit. Indeed,
before guilt was adjudicated, the State had presented ample testimony
allowing the factfinder to conclude that appellant committed the crime to
which he pled guilty beyond reasonable doubt.
 In addition, we conducted our own review of the record to assess the
accuracy of appellate counsel's conclusions and to uncover any arguable
error pursuant to Stafford v. State, 813 S.W.2d 508 (Tex. Crim. App. 1991).
 After doing so, we concur with counsel's conclusions.
 Accordingly, the motion to withdraw is granted, and the judgment is
affirmed.

 Brian Quinn
 Chief Justice

Do not publish.
-----------------------
 [1]Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).